## A. B. NOYES v. JOHN DOBSON, *et al.*

BANKRUPTCY — *Composition, When Conclusive Upon Creditors.* A bankrupt proposed to his creditors, as a composition in bankruptcy, to pay twenty-five cents on the dollar in three and six months, and to give his promissory notes without security for the said amount, and in payment of the same; the said amount to be paid in money, and to be evidenced by notes, dated, etc., and signed by the defendant, etc. Such proposition was accepted by the requisite number of creditors, and the composition approved and confirmed by the bankrupt court. The bankrupt tendered to one of his creditors notes at three and six months for the amount due by the terms of this composition. The creditor refused to receive the notes. Afterward, at the times when such notes would have matured, the amounts thereof were deposited in a national bank in the city where the bankrupt resided and had done business, and the creditor notified that the money was there and could be had by him. He declined to accept the money, or to take less than fifty cents on the dollar for his claim. *Held,* That upon these facts the composition in bankruptcy was conclusive upon the creditors, and could not be questioned in a collateral proceeding in the state courts.

*Error from Atchison District Court.*

ACTION by *Dobson* and another, partners as John and James Dobson, against *Noyes* and another, late partners, upon an account for goods sold and delivered. Judgment for plaintiffs at the February Term, 1883, of the district court, for $2,708.05 and costs, against defendant *Noyes.* This judgment he brings here for review. The opinion states the facts.

*Smith & Soloman*, for plaintiff in error.

*W. W. Guthrie*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: Defendants in error, plaintiffs below, commenced an action in the district court of Atchison county on an account for goods and merchandise sold and delivered to defendant. To this petition defendant answered, setting up certain proceedings in bankruptcy. To this defense a demurrer was interposed by plaintiffs and sustained by the court, and defendant alleges error. The only question therefore presented for our consideration, is the scope and effect of these bankruptcy proceedings. The jurisdiction of the bankrupt court over the bankrupt and his estate is unquestioned, and the proceedings had in such court resulted in an approval and confirmation of a composition. The terms of this composition were to the effect that the bankrupt was to pay twenty-five cents on the dollar, in three and six months, and to give his promissory notes, without security, for such amounts. The answer, after alleging the approval and confirmation of this composition agreement, alleges that the notes were duly tendered to the plaintiffs and by them refused. It further alleges that at the times said notes would have matured, the amounts thereof were deposited in the First National bank, at Williamsport, Pennsylvania—Williamsport being the city in which the defendant had previously resided and carried on business; that the plaintiffs were notified that the money was so deposited, and that the amount thereof would be paid to them at such time and place; and that in response to such notice plaintiffs informed defendant that they would not receive the amount, nor at any time a less amount than fifty per cent. of their claim. Now the contention of plaintiffs is that the bankrupt act declares that "every such composition shall provide for the *pro rata* payment or satisfaction in *money* to the creditors of such debtor;" that the limit of the authority of the bankrupt court is an order for composition by payment in *money;* that the notes of the bankrupt are not equivalent to money; and that when it attempts to approve a composition upon the giving of notes of the bankrupt, it ex-

ceeds its jurisdiction, and its acts are void. Counsel argues, can the bankrupt court compel a creditor to surrender a note of $100 for an unsecured note of $25? Can it destroy three-fourths of the creditor's claim, without any security for the remaining one-fourth? The composition agreement, if good at all, is good at the time it was approved by the court, and in this case that simply required the giving of new notes for this small fraction of the old indebtedness.

We do not agree with counsel for the defendants in error fully in his construction of the composition order, and we think that under the facts as alleged the ruling of the district court cannot be sustained. The proposition of the bankrupt, which was approved by the bankrupt court, was as follows: "The defendant proposed to them to pay twenty-five cents on the dollar of his indebtedness, in three and six months, and to give his promissory notes without security for the said amount, and in payment of the same; the said amount to be paid in money and to be evidenced by notes dated June 15, 1877, signed by the defendant, who was trading and who was proceeded against as A. B. Noyes & Co."

Now we understand this to mean a proposition to pay in money in three and six months; that the notes were merely to be evidences of the amounts to be paid, and not to be of themselves payment and the creditors left to a subsequent action on the notes. In the case of *Smith v. Engle*, 44 Iowa, 265, where the composition approved was a payment of fifteen cents on the dollar in cash, fifteen cents in notes due in five months, and fifteen cents in notes due in ten months, and where a like objection to that we are now considering was presented to the validity of such composition, the supreme court of Iowa held that if the bankrupt court erred in its ruling as to the manner of payment, the proper remedy was to have the ruling reversed by the circuit court, and that its determination could not be questioned in a collateral proceeding. See also as to the jurisdiction of the bankrupt court, the case of *Deford v. Hewlett*, 49 Md. 51.

It is unnecessary in the case at bar to go to the extent of

approving the decision of the Iowa supreme court, for, as we read this composition proposition and order, it did not make the bankrupt notes payment, but only evidence of the time and amount. Payment was contemplated in money, and while a full present payment was not ordered, yet it was not the scope and effect of the order to discharge the bankrupt on the mere giving of one note in exchange for a larger. But it is said that no formal tender was made of the amounts due by the terms of the agreement at the end of the three and six months. We do not think a formal tender was required. The case of *The Home National Bank v. Carpenter*, 129 Mass. 1, commends itself on this point to our judgment. There it was held that, in order to give effect to a composition, it was not necessary that a debtor should make a tender to every creditor of the amount due him under the composition, but that it was sufficient if such a notice of his readiness to pay the amount was given to each creditor as would enable him to demand it at a reasonable place and at the time when by the terms of the composition it was payable. That was a case where time payments in four, eight and twelve months, secured by the notes of the debtors, were authorized by the terms of the composition. The reasoning of the court in the opinion is entirely satisfactory, and applicable to the case at bar. Here, as shown by the answer, the notes were tendered at the time of the composition order, and declined; and at the expiration of the three and six months the amounts thereof were duly deposited in a proper place, the creditors notified of the deposit, and informed that they could obtain the money, which, after such information, they declined to receive. After declining the money thus placed within their easy reach, it does not lie in their mouths to say that no formal tender was made.

We think the district court erred; that its judgment must be reversed, and the case remanded with instructions to overrule the demurrer.

All the Justices concurring.