JOHN DOBSON *et al.* V. A. B. NOYES.

1. ACTION — *Trial* — *Failure Upon the Merits* — *Second Action, Barred.*
On March 15, 1882, an action was brought upon an account of
$1,868.70, dated October 7, 1876, for goods sold and delivered. An
answer was filed thereto, showing bankruptcy proceedings upon the
part of the defendant, and a composition thereunder, whereby it was
agreed by the requisite number of the creditors to receive twenty-
five cents on the dollar for the claims due them, to be paid in money,
and to be evidenced by the debtor's promissory notes, dated June
15, 1877, and payable within three and six months from said date,
without security. Upon the trial, judgment was rendered on Janu-
ary 17, 1885, whereby the composition proceedings in bankruptcy
were held to be valid and binding upon the plaintiffs and the plain-
tiffs' right of action upon the account sued on was therefore denied.
Judgment was also rendered against the plaintiffs and in favor of
the defendant for all costs. *Held,* That in the action the plaintiffs
failed upon the merits thereof; and *held further,* that the second ac-
tion, brought on May 28, 1885, upon the composition notes, dated
June 15, 1877, after the statute of limitations had run thereon, was
barred, notwithstanding such suit was brought within one year after
the determination of the former action.

2. BANKRUPTCY PROCEEDINGS — *Notes Tendered, and Refused* — *Action,
Barred.* In bankruptcy proceedings, the defendant was permitted
to compromise and settle the debts against him for twenty-five cents
on the dollar, to be paid in money, and to be evidenced by the debtor's
promissory notes, dated June 15, 1877, and payable within three and
six months from said date, without security. In July, 1877, the
notes were tendered to plaintiffs, who were then notified of the com-
position proceedings, and also notified that the money to pay the
notes would be deposited at the bank where they were payable at
their maturity. The plaintiffs refused to accept the notes, and also
refused to receive any of the money deposited to pay the same.
After lengthy litigation to recover upon the original account for
which the notes were executed in the composition proceedings, plain-
tiffs were defeated, and nearly eight years after the notes were ten-
dered to them, made a demand therefor, and also for the money
deposited to pay the same, and upon the refusal, commenced their
action to recover the amount of the notes. *Held,* That as more than
five years have expired from the date of the notes, and also from the
time when they were tendered to the plaintiffs and refused by them,
the action was wholly barred by the statute of limitations.

*Error from Atchison District Court.*

THE opinion states the nature of the action, and the facts. Judgment for defendant, *Noyes,* at the February term, 1885. The plaintiffs, *Dobson* and another, bring the case to this court.

*W, W. Guthrie,* for plaintiffs in error.

*Smith & Solomon,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: On March 15, 1882, Dobson and another, partners as John & James Dobson, commenced their action against A. B. Noyes and another, late partners, in the district court of Atchison county, upon an account of one thousand eight hundred and sixty-eight dollars and seventy cents, dated October 7, 1876, for goods sold and delivered. To this petition A. B. Noyes answered, setting up certain proceedings in bankruptcy, and thereunder a composition with his creditors to the effect that he was to pay twenty-five cents on the dollar in three and six months, and to give his promissory notes without security for such amounts.

The answer, after alleging the approval and confirmation of this composition agreement, alleged that the notes were duly tendered to the plaintiffs, and by them refused. It further alleged that at the time the notes would have matured, the amounts thereof were deposited in the First National Bank at Williamsport, Pennsylvania; that the plaintiffs were notified that the money was so deposited, and that the amount thereof would be paid to them at such time and place; and that in response to such notice, plaintiffs informed defendant that they would not receive the amount, nor at any time a less amount than fifty per cent. of their claim. To this defense a demurrer was interposed by the plaintiffs and sustained by the court. Thereupon judgment was rendered for plaintiffs, at the February term of the court for 1883, for two thousand seven hundred and eight dollars and five cents and costs, against A. B.

Noyes.    Subsequently this judgment was brought to this court
for review.    On September 6, 1883, this court reversed the
judgment of the trial court, and the cause was remanded, with
instructions to overrule the demurrer of plaintiffs. (*Noyes v.
Dobson*, 30 Kas. 361.)    The action remained pending in the
district court until January 17, 1885, when, by the considera-
tion of the trial court, the composition proceedings in bank-
ruptcy were held to be valid and binding upon the plaintiffs,
and the plaintiffs' right of action upon the account sued on,
by reason thereof, was denied, and judgment rendered against
the plaintiffs and in favor of Noyes for costs.

Subsequently, and on May 28, 1885, this action was com-
menced to recover a sum equal to the amount of the two
promissory notes executed by Noyes and partner under the
composition agreement.    These notes were dated at New York,
June 15, 1877, for two hundred and thirty-three dollars and
fifty-nine cents each, payable at the First National Bank of
Williamsport, Pennsylvania, respectively, in three and six
months from date.    The petition also alleged that the de-
fendant, A. B. Noyes, was a citizen and resident of the state,
and had continued to be such a citizen and resident since
October 20, 1879 — about six years.    To the petition, Noyes
filed his demurrer, alleging, among other things, that the peti-
tion did not state facts sufficient to constitute a cause of action
against him.    The district court sustained the demurrer; the
plaintiffs excepted, and bring the case here.

The contention now is that the plaintiffs failed in their for-
mer action, otherwise than on the merits of the case; and,
even if there was a final judgment upon the merits in that
case, that Noyes cannot plead the statute of limitations, be-
cause the plaintiffs on May 23, 1885, demanded the notes
sued upon, and also the payment of the amounts thereof.    We
do not think that § 23 of the code can avail the plaintiffs in
any way.    In the action upon the account commenced on
March 15, 1882, a final judgment was rendered upon the
claim sued on.    There was no dismissal of the action without
prejudice to the plaintiffs, as in *McWhirt v. McKee*, 6 Kas.

412.    The action was not commenced prematurely, as in *Seaton v. Hixon*, 35 Kas. 663.    At the time that action was commenced, the notes sued on were not barred by the statute of limitations, and an action could have been insti-

**1. Trial; failure upon the merits.** tuted thereon.    This was not done, however. The first action ignored the bankrupt proceedings entirely; and as the original account was merged into the composition notes executed under the bankruptcy proceedings, plaintiffs were defeated upon the merits of that case.

In *Hiatt v. Auld*, 11 Kas. 182, this court said:

"Is this the same cause of action?    We think not.    The first was a sufficient cause of action; the facts necessary to support it are alleged, and Hiatt claims to recover because of the existence of those facts.    The second claims to recover the same amount of money, but on the ground of the existence of a wholly different state of facts.    But could a party thus keep alive one cause of action by instituting a different one, and when witnesses are gone, and facts are forgotten, dismiss one and then bring another?    Such at least is not the policy of the law.    The two actions, to bring a second within the operation of the statute, must be substantially the same cause of action."

Further, we do not think that this action has been brought in time, if based upon any alleged conversion of the notes executed by Noyes & Co., or of the money at one time deposited in the First National Bank of Williamsport, Pennsylvania, to pay the same.    The notes were executed June 15, 1877. They were tendered to the plaintiffs in July, 1877; and at that time plaintiffs were notified of the composition proceedings, and also that money to pay the notes would be on deposit at the bank where they were payable at their maturity.    The plaintiffs then refused to accept the notes, and also refused to receive any of the money deposited to pay the same.    Sometime in the fall of 1877, A. B. Noyes received the notes from the agent whom he had employed to tender them to the plaintiffs, and soon afterward withdrew the deposit from the bank which he intended to use to satisfy the notes.    No demand was made upon Noyes for these notes or for any of the money

deposited to pay the same, until May 23, 1885 — nearly eight years after the notes were tendered to plaintiffs.    This action was not commenced within two years, nor three years, nor even within five years after the cause of action accrued upon the notes.

*Auld v. Butcher*, 22 Kas. 400, was a case where a city bond was pledged as collateral security for the principal debt; the debt was paid, but the city bond never restored to the plaintiff.    It was held that the statute of limitations began to run from the date of the demand for the restitution of the bond. That case was based upon the alleged conversion of a city bond, which was pledged as collateral security for the principal debt, the plaintiff in that case being a dissipated man, and the fact of the pledging of the bond having gone out of his recollection.    In this case the plaintiffs had full knowledge, after July, 1877, of the execution of the notes sued on, and of all the matters therewith connected.    They refused to receive these notes, or the money in payment of the same, and voluntarily deferred making any claim thereto until after the statute of limitations had run.

1. Second action, barred.

In whatever light the notes and deposit at the bank to pay the same are regarded, the statute of limitations had run before the commencement of this action.    If the defendant is liable for conversion of the notes, or deposit, or both, then such conversion occurred in 1877.    If the notes be treated as delivered at the time they were tendered the plaintiffs, then more than five years had expired before this action was commenced, and the statute of limitations had full operation.

2. Action wholly barred.

The judgment of the district court will be affirmed.

All the Justices concurring.