### In re MOYER'S HOME STORE, Inc.

District Court, E. D. Pennsylvania.
November 23, 1927.

No. 9046.

1. Bankruptcy ⟨⟩100(1)—Bankruptcy adjudication vests bankrupt's title in trustee in trust for creditors.

On an adjudication in bankruptcy, bankrupt's title to property is by force of law transferred to trustee, who holds property in trust for bankrupt's creditors.

2. Bankruptcy ⟨⟩374—Bankrupt before or after adjudication may offer terms of composition to creditors.

Bankrupt, before or after adjudication, may, on submitting himself for examination and filing schedules of his assets and debts, offer terms of composition to creditors.

3. Bankruptcy ⟨⟩387—Composition suspends adjudication and on confirmation supersedes bankruptcy proceeding; "bankruptcy assets;" "composition funds."

"Bankruptcy assets" and "composition funds" are wholly different, though both are regulated by Bankruptcy Law (11 USCA), and a composition in this sense arises. out of bankruptcy proceeding but effect thereof is first to suspend adjudication, and if composition is confirmed to supersede bankruptcy proceeding altogether, and thereafter there is no bankruptcy proceeding, and court merely distributes composition fund to creditors as such.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assets.]

4. Bankruptcy ⟨⟩387—Except in two particulars, there is no legal difference between composition out of court and one approved by bankruptcy court.

The only difference in legal effect between composition between debtor and creditors out of court and one approved by bankruptcy court are that former exists wholly by agreement, and latter binds dissentients as well, and discharge in former case is on the basis of payment by debtor to individual creditor, and in latter on basis of legal enactment on payment of lump sum for benefit of all creditors as a class, ascertainment of who they are and what the debt being undertaken by court.

5. Bankruptcy ⟨⟩387—United States held entitled to have undistributed fund remaining after composition applied to additional tax claim asserted after approval of composition, to exclusion of person advancing composition moneys.

Where, after composition offered by alleged bankrupt was accepted by creditors and approved by bankruptcy court without adjudication in bankruptcy, claim of United States for taxes was revised to a much larger sum, held, that United States was entitled to have undistributed balance remaining after payment of claims applied to its additional tax claim, to exclusion of person who advanced composition money, even if, by its act in filing claim for a smaller sum, it misled him and debtor respecting amount required for composition; composition deposit being in legal intendment moneys of debtor.

In Bankruptcy. In the matter of Moyer's Home Store, Inc., alleged bankrupt. On petition for review of order and report of referee denying claim of the United States to balance of composition fund. Petition allowed, and order of referee reversed, with instructions.

Decree affirmed, 27 F.(2d) ——.

Ellis Brodstein, of Reading, Pa., for claimant.

George W. Coles, U. S. Atty., of. Philadelphia, Pa., for the United States.

DICKINSON, District Judge. The conclusion reached is that the petition for review should be allowed, and the claim of the United States to the balance of the composition fund should be likewise allowed.

### Discussion.

There are a number of questions which possibly might have been raised, but we understand the parties to rest their respective claims upon the answer to one. This may be best formulated by an outline statement of what the parties are agreed may be deemed the fact situation:

A petition in bankruptcy was filed against Moyer's Home Store, Inc., August 28, 1924. Among the claims proven and conceded to be first paid in full was one of the United States for $131. There was no adjudication, a composition having been offered, accepted by the creditors, and approved by the court December 3, 1924. The bankrupt had scheduled the claim of the United States, not as $131, but as $237.94, and a fund sufficient to meet this, with other preferred claims, costs, and the composition dividend, was deposited in full accordance with all the requirements of a composition. The fund in question was then distributed, the United States receiving the said sum of $237.94 (being more than its proven claim), and the other creditors and all costs were likewise paid, leaving a balance of $859.41 undistributed.

The referee has entered an order distributing this balance to Jack Wechsler, who, for whatever this fact may be worth, had

advanced the composition moneys. In the meantime, however, the United States, May 29, 1925, had revised its proofs of claim, so as to establish as due to it, not $131, nor $237.94, but $8,237.07, and asks to take the balance referred to. No question is raised of the correctness of the sum due it; the sole question being its right to take this balance, with which it is content.

The claim first made, it may be explained, was for the capital stock tax due. There was, in addition, income tax due on assessments afterwards made for the four years, 1919 to 1922, both inclusive, and at the time the tax claim of $131 was filed there was due on income tax account for the year 1918 the additional sum of $876.47.

[1] On July 3, 1925, the above-mentioned Jack Wechsler petitioned for an order that the balance unclaimed (except by the United States and by him) be paid to him. The referee disallowed the claim of the United States beyond $237.94, and awarded the referred-to balance to Wechsler. The differences between the referee and the petitioner are fundamental. Upon an adjudication, whatever title the bankrupt has to property is by force of law transferred to the trustee, who may be chosen, who thereafter is the owner. His title, however, is one in trust; the beneficial owners being others. The latter, as has often been observed, take whatever they get, not qua creditors, but qua owners, although the ownership shares are measured by their claims of debt. Between petition and adjudication the title of the owner, although not divested until adjudication, is, until a trustee is appointed, in a sense in nubibus.

[2] A bankrupt, before or after adjudication, may, upon submitting himself for examination and filing schedules of his assets and debts, offer terms of composition to his creditors. If before adjudication, as in the instant case, a meeting of creditors is called for the allowance of claims, etc., and the adjudication is halted until action is taken upon the offer of composition. If the composition goes through, the composition fund is distributed by the court and the bankruptcy proceedings are dismissed. This means that title to all the property of the alleged bankrupt revests in him, or rather never passed out of him. The court has control of the funds to be distributed, because a condition of the confirmation is that a sum sufficient to pay all claims having priority, all costs, and the composition dividend must be on deposit subject to such control.

[3] There may be interpolated here, for clarity of view, one or two general observations. Bankruptcy assets and composition funds are wholly different and distinct, as are bankruptcy and composition proceedings, notwithstanding the truth that both are regulated by the Bankruptcy Law (11 USCA). A composition in this sense arises out of the bankruptcy proceeding, but the effect of it is first to suspend adjudication, and, if the composition is confirmed, to supersede the bankruptcy proceeding altogether. Thereafter there is no bankruptcy proceeding, and the bankruptcy court would cease all part in what was done, except that the Bankruptcy Law puts upon the court the duty of distribution of the composition fund. Those who share in this share in it, not qua owners, as they would in bankruptcy assets, but qua creditors.

[4] We see no difference in legal effect between a composition agreement between a debtor and his creditors out of court and one approved by the bankruptcy court, except in two particulars: The former exists wholly by agreement, and the latter binds dissentients as well; but even here all have in legal effect agreed. The other is that in the former case the discharge from the obligation of debt is on the basis of payment by the debtor to the individual creditor; in the latter, it is on the basis of a legal enactment upon the payment of a lump sum for the benefit of all creditors as a class, the ascertainment of who they are, and what the debt being undertaken by the court.

[5] The way provided for a creditor to be numbered in this class and to have his debt established is to prove his claim. If he is shut out from proving his claim, he is shut out from a share in the fund. What the referee really did was to refuse to accept proof of the claim of the United States. We say this because his fact finding is that it was admitted that the debt was due to the United States. The additional claim was disallowed, not because the debt was not due, but because of what was found to be the superior equity of Wechsler. In so ruling we think the learned referee committed an error. To begin with, we assume that Wechsler put up the money which constitutes this fund, and did so in the expectation that the part of it not needed to pay the listed debts would come back to him. To add to this list works a disappointment to him.

The offer of compromise was, however, by the debtor, and the fund, whatever its source, was his money. He deposited it to be distributed by the court among all those who proved a claim thereto by proof of be-

ing his creditors. The fact that Wechsler supplied him with the money to make the deposit does not change the other fact that the deposit was in legal intendment made up of his moneys.

The fact of his debt to the United States is admitted. Even if it were true that the United States by its acts induced the debtor and Wechsler to be misled respecting how much money was required for the purposes of the composition, we do not see in what way this shuts out the United States from having its claim allowed. Nor, although this is unimportant, do we see on what basis Wechsler can lay claim to the money represented by this balance, except through the debtor. We understand the United States has limited its claim to the unexpended balance of the fund after payment of costs and priority claims and the composition dividend to all creditors. To this balance we think it entitled.

The petition for review is allowed; the order made is disapproved and reversed, and the cause is remitted to the referee, with instructions to award the balance of the compromise fund, as above defined, to the United States.