57   379
112   567

FRANCIS BETHEL v. JOHN LOGAN CHIPMAN, JUDGE OF THE
SUPERIOR COURT OF DETROIT.

*Garnishment—Discharge of garnishee—Infancy of principal defendant—
Discontinuance.*

1. The rights and liabilities of the parties to a garnishment proceeding
   depend, in Michigan, upon the facts which determine whether, when
   the writ is served, the claim is garnishable; if, at the time of service,
   the garnishee is liable, he continues to be until discharged.   How.
   Stat., § 8059.

2. Garnishment process is in the nature of an equitable attachment of
   assets belonging to a defendant but held by a third person, the pur-
   pose of the attachment being to apply such assets in discharge of de-
   fendant's debt.

3. Garnishment proceedings are discontinued by failure to recover judg-
   ment against the principal defendant.    How. Stat. § 8100.   But
   where the principal defendant is a firm, a verdict discharging one of
   the partners because he is an infant, does not release the garnishee,
   who would be fully protected as against the firm by paying a judg-
   ment against him.    The infant could not individually sue the gar-
   nishee for firm property.

4. Garnishees are not discharged, nor are the proceedings against them
   discontinued, by any such change in the record of the principal case
   as would result from the death of a joint defendant therein.

5. Garnishment process is not defeated by a change of parties to the re-
   cord if at the date of serving process the claim was subject to garnish-
   ment, and the plaintiff in the principal case has recovered judgment.

Mandamus.   Submitted June 10.   Granted June 17.

*George S. Hosmer* (*Dickinson, Thurber & Hosmer*) for
relator.   Debts due a firm continue subject to garnishment
even though in the principal action a verdict is taken against
only part of the firm: *Gay v. Johnson* 32 N. H. 167; see
*Whittemore v. Elliott* 7 Hun 518; *Inbusch v. Farwell* 1
Black 566.

*Atkinson & Atkinson* and *Isaac Marston* for respondent,
claimed the garnishees should be discharged: *Markham v.
Gehan* 42 Mich. 74; *Ford v. Dry Dock Co.* 50 Mich. 358;
in a garnishee case the affidavit becomes the declaration, and

is in trover for the conversion of property and in assumpsit for money had and received of the principal defendants, to the extent of whatever judgment the plaintiff has recovered against the principal defendants: *Fearey v. Cummings* 41 Mich. 378 ; and the entry of the judgment is proof of the amount the plaintiff is entitled to : *Strong v. Hollon* 39 Mich. 411.

CHAMPLIN, J.   This is a petition for mandamus to compel the respondent to vacate an order dismissing garnishee proceedings.   Louis N. Moran and Amadeus T. Moran were copartners doing business in the city of Detroit under the firm name of Moran Bros.   The firm became indebted to different parties, among whom was the plaintiff, who instituted a suit to recover the amount due him, and at the same time garnished the firm of A. R. & W. F. Linn.   The garnishees filed a disclosure denying any liability.   Proceedings were taken under the statute for an oral examination of the garnishees, which was had.

In the original suit the defendants appeared by attorneys separately.   Louis N. Moran pleaded the general issue, and Amadeus T. Moran pleaded infancy at the time of making the alleged promises in the declaration set forth.   On December 5, 1884, the jury before whom the cause was tried, found a verdict in favor of plaintiff against Louis N. Moran, and in favor of defendant Amadeus T. Moran, by reason of his infancy.   They also found specially that defendants were copartners as Moran Bros., and that A. T. Moran was an infant at the time of the undertakings and promises set forth in the declaration.   Judgment was entered accordingly.

On the 5th day of January, 1885, the plaintiff caused to be filed and served a demand for a statutory issue, and on the 8th of January the garnishee defendants moved the court to stop all further proceedings against them, and for judgment in their favor, for the reason that the principal case has been tried, and the plaintiff has failed to recover judgment against the defendants above named ; and afterwards on the 31st of January, 1885, the judge of the Superior Court dismissed the proceedings, with ten dollars costs.   It is this order which the petitioner seeks to have vacated.

The statute declares that " From the time of the service of such writ, the garnishee shall be deemed liable to the plaintiff to the amount of property, money, goods, chattels and effects, in his control belonging to the principal defendant, or of any debts due or to become due from such garnishee to the principal defendant, or of any judgment or decree in favor of the latter against the former, and for all property, personal and real, money, goods, chattels, evidences of debt or effects of the principal defendant, which such garnishee defendant holds by a conveyance, transfer or title that is void as to creditors of the principal defendant ; and such garnishee shall also be liable on any contingent right or claim against him in favor of the principal defendant." How. Stat. § 8059.

Under this statute the rights and liabilities of the parties depend upon the facts which render the claim one garnishable or not at the time of the service of the writ. *Hartz v. Detroit Fire & Marine Ins. Co.* 28 Mich. 201; *Hopson v. Dinan* 48 Mich. 612. If at that time the liability of the garnishee existed, it must continue until discharged in the manner provided by the statute. Section 8100 provides : " A failure to recover judgment against the principal defendant, or a satisfaction of such judgment, in any manner, shall be deemed a discontinuance of all proceedings against the garnishee." It is claimed that the order of discontinuance, entered in the court below, was authorized by this section of the statute, and its validity therefore depends upon the question whether it applies to a case like the one under consideration.

The process of garnishment is in the nature of an equitable attachment of the debt or assets of the principal defendant in the hands of a third person. Its object is to reach such assets and apply them in discharge of the principal debt. Had this suit been an ordinary attachment of the property belonging to the firm, the plea of infancy interposed by defendant would not have discharged the attachment, or liberated the property from the lien thereof. The judgment would have gone, as in this case, against the adult

partner, and the execution would have been levied upon the firm property covered by the attachment. Why then should the failure to recover judgment against both members of the firm discharge this equitable attachment by way of garnishment upon the firm property? It remains a firm debt or firm assets in the garnishee's hands the same as it was at the service of the writ upon the garnishee. ⸱ The plea of infancy did not change the nature of the indebtedness or the character of the property in the garnishee's hands. The garnishees are still the debtors or bailees of the firm. A judgment against the garnishees, and payment thereof, would be an effectual bar to a recovery against them by the firm of Moran Bros. The infant cannot bring a separate suit against them to recover an indebtedness or property belonging to the firm. The garnishee would therefore be as fully protected as if the judgment in the principal suit had been, in form, against both members of the firm.

The judgment rendered against Louis N. Moran, in this case, was a judgment in the principal suit. Contingencies may arise during the prosecution of any suit by which a change of parties upon the record may become necessary, and the parties in whose favor judgment may be rendered will not be the same as those mentioned in the writ or declaration by which the suit was commenced. If suit is instituted by or against members of a firm, and one should die before judgment, it would proceed in the name of the surviving partners. So, if suit should be commenced by or against joint contractors, and one should die pending the same and before judgment, it could be revived and proceeded with in the name of the survivor. In these cases the judgments recovered would be in the same suits, and if garnishee proceedings had been instituted at the time the original suits were commenced, the change of parties to the record would not have discharged the garnishees, nor operated to discontinue the proceedings against them. To give the statute any other construction would not only defeat its object, but lead in some cases to strange and obnoxious results.

To illustrate, suppose in the case under consideration that

Bethel was the first creditor who sued the firm of Moran Bros., and garnished the firm of A. R. & W. F. Linn; that immediately thereafter another creditor of Moran Bros. sued and garnished the same parties. By being first in point of time, Bethel has secured a priority over the second creditor who sued. But suppose Moran Bros. desired to prefer the second creditor over Bethel, if the construction contended for by respondent is to prevail, all they would have to do to accomplish their purpose would be for Amadeus to plead infancy in Bethel's suit and suffer default in the other. The garnishees would then be entitled to a judgment of discontinuance against Bethel, and judgment would be rendered against them in the subsequent suit.

The proper construction to be given to this section of the statute is this : In all cases where judgment is rendered in favor of the plaintiff in the principal suit a garnishee is not discharged or entitled to judgment of discontinuance by a change of parties to the record, where the claim was one that was garnishable at the time of service of process. It follows that the writ of

Mandamus must be issued as prayed for in the petition.

The other Justices concurred.