In re ENGLISH et al.

(District Court, W. D. New York. February 24, 1903.)

No. 666.

1. BANKRUPTCY—PREFERENCE—JUDGMENT ENFORCING PRE-EXISTING LIEN.

An equitable lien on partnership assets in the hands of a receiver, created by a transfer of an interest in the partnership estate 18 months prior to the filing of a petition in bankruptcy, was paramount to the rights acquired by the trustee, though the judgment of the state court establishing the validity of such lien was rendered less than 4 months prior to the filing of the petition.

J. P. O'Connor, pro se, and for Anna E. English.
Alexander. Otis, for trustee.

HAZEL, District Judge. It appears from the record that in February, 1900, English & De Young, a partnership, transferred to Anna E. English, wife of Newton L. English, an undivided one-half interest in the property and assets of the firm in payment of its indebtedness to her of $2,000. Subsequently an action to dissolve the partnership, in which action Mrs. English was joined as defendant, was commenced in the Supreme Court of the state of New York. A receiver was appointed, who converted the assets of the partnership into money, which is now in his possession. On August 5, 1901, a judgment was rendered decreeing that, by virtue of the dissolution of the copartnership, Mrs. English and Leonard De Young became tenants in common in the property and assets of the firm of English & De Young, and that the undivided half of the property theretofore acquired by Mrs. English. was not subject to the payment of any part of the copartnership's indebtedness, and that the creditors directed by said judgment to be paid were creditors of Mrs. English and Leonard De Young, and not creditors of the partnership. The judgment further provided that Mrs. English be paid the sum of $4,091 out of the funds in the receiver's hands. Subsequently, on the 12th day of August, 1901, a petition was filed by certain other creditors to have the partnership declared bankrupt, and adjudication followed. The execution of the judgment having been enjoined by an order of this court, the trustee in bankruptcy applied to the state court for an order directing the receiver to turn over the funds in his custody to the trustee in bankruptcy. This application was denied on the ground that jurisdiction was acquired by the state court over the assets of the partnership at the time of the commencement of the action, which was on April 14, 1900, 16 months prior to the filing of the petition in bankruptcy, and that, therefore, the bankruptcy court never acquired jurisdiction over the property in the custody of the receiver. On appeal by the trustee, this view was concurred in by the Appellate Division of the Supreme Court of the state of New York, Fourth Department. An application was thereupon made to this court to vacate the order dated August 12, 1901, and the subsequent restraining orders, enjoining the receiver appointed by the state court from making distribution as directed by the judgment. After careful consideration, I have concluded that the application must be granted. My reason therefor is based on a recent decision of the Supreme Court of the United States. Metcalf Bros. & Co. v. Benjamin Barker, Jr., Trustee, etc., 9 Am. Bankr. Rep. 36, 23 Sup. Ct. 67, 47 L. Ed. ——, in which section 67 (f), Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], was construed as follows:

"In our opinion, the conclusion to be drawn from this language is that it is the lien created by a levy, or a judgment, or an attachment, or otherwise, that is invalidated, and that, where the lien is obtained more than four months prior to the filing of the petition, it is not only not to be deemed to be null and void on adjudication, but its validity is recognized. When it is obtained within four months, the property is discharged therefrom, but not otherwise. A judgment or decree in enforcement of an otherwise valid preexisting lien is not the judgment denounced by the statute, which is plainly

confined to judgments creating liens. If this were not so, the date of the acquisition of a lien by attachment or creditors' bill would be entirely immaterial."

In the case at bar, an equitable lien upon partnership assets was created by the transfer of the interest in the partnership estate more than four months prior to the filing of the petition. Subsequently such lien, by decree of the state court, was reaffirmed, and became an established liability, which had accrued previously, and prior to the four months' period. This interest was paramount to the rights acquired by the trustee in bankruptcy to the funds in the hands of the receiver. It therefore follows that jurisdiction of the state court over the partnership property of the bankrupts was not divested by the proceedings in bankruptcy. Pickens v. Dent, 9 Am. Bankr. Rep. 47, 23 Sup. Ct. 78, 47 L. Ed. ——.

The injunction order heretofore granted by this court on August 12, 1901, and subsequent restraining orders, are hereby vacated. ·