### SUSAN M. BASSETT v. DANIEL THACKARA AND WALLACE McGEORGE.

Submitted December 6, 1904—Decided February 27, 1905.

1. A discharge in bankruptcy does not affect the lien of an execution levied on the bankrupt's property before the bankruptcy proceedings were instituted.
2. Such a lien is not affected by the mere sale of the bankrupt's property in the bankruptcy proceedings.
3. If in the bankruptcy proceedings the judgment debt was proved as a claim secured by the levy subject to prior encumbrances, the fact that the dividend paid was based on the full amount of the judgment does not cancel the lien.

---

Before Justices DIXON and SWAYZE.

For the plaintiff, *Enoch S. Fogg.*

For the defendant McGeorge, *J. Willard Morgan.*

The opinion of the court was delivered by

DIXON, J. The plaintiff obtained a judgment in this court for the sum of $4,016.60 against the defendants, McGeorge and Thackara, on August 9th, 1899, and forthwith issued writs of *fieri facias* thereon, which were levied on lands of

McGeorge in Camden and Gloucester counties. On March 17th, 1903, McGeorge filed in the United States District Court for New Jersey a petition in bankruptcy, on which he was adjudged a bankrupt, and his property was sold to pay his debts. The plaintiff having died, her administrator proved the judgment debt as one secured by the levy above mentioned, subject to prior encumbrances, and received a dividend of $43.59, which was based on the full amount of the judgment. As a result of the bankruptcy proceedings, McGeorge was discharged, and he now seeks to have the judgment expunged or the execution stayed.

Undoubtedly this discharge released McGeorge from further personal liability to pay the judgment, but it did not affect the security afforded by the levy. Nor did the sale of the defendant's property disturb that security, for the security was not his property, and no order was made by the bankrupt court for a sale of the land discharged from the lien.

The fact that the dividend paid was based on the full amount of the judgment would not of itself operate to cancel the lien of the levy. As the proof of the debt disclosed the security, section 57h of the Bankrupt act required that the value of the security should be ascertained and credited upon the claim, and that a dividend should be paid only on the balance. It must be presumed that this ascertainment occurred, and resulted in a determination that in view of the prior encumbrances referred to in the proof of claim the alleged security was valueless.

The relief to which the defendant is entitled is the entry of a rule forbidding the issue of any writ against this defendant or his property except for the purpose of enforcing the levy above mentioned.