OILFIELDS SYNDICATE v. AMERICAN IMPROVEMENT CO.

(District Court, S. D. California, S. D.    February 27, 1919.)

No. D–117.

1. QUIETING TITLE ⬤⤳7(4)—CLOUD ON TITLE.
   The recording of a sheriff's certificate for sale of land under execution on a judgment against a third person would constitute a cloud upon title, and would authorize a suit to quiet title as against such cloud.

2. BANKRUPTCY ⬤⤳387—DISCHARGE OF BANKRUPT—JUDGMENT LIEN.
   A discharge of a bankrupt, after adjudication of bankruptcy by a composition, does not discharge a lien of a judgment rendered more than four months prior to the filing of the petition in bankruptcy.

3. BANKRUPTCY ⬤⤳387—COMPOSITIONS WITH CREDITORS—JUDGMENT LIENS—"DISCHARGE."
   Under Bankruptcy Act, §§ 12a, 14c (Comp. St. §§ 9596, 9598), providing that the confirmation of a composition shall discharge the bankrupt from his debts other than those "not affected by a discharge," the lien of a judgment obtained more than four months prior to the filing of a petition in bankruptcy was not discharged by a composition with creditors prior to adjudication of bankruptcy; the word "discharge," in the phrase "not affected by a discharge," in the last-named section, referring to a discharge of the bankrupt after adjudication.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Discharge.]

In Equity.    Suit to quiet title by the Oilfields Syndicate against the American Improvement Company.    Decree for defendant.

Charles W. Slack, of San Francisco, Cal., and O'Melveny, Milliken & Tuller, of Los Angeles, Cal., for plaintiff.

Wm. P. Hubbard, of San Francisco, Cal., for defendant.

---

TRIPPET, District Judge. This is a suit to quiet the title of plaintiff to certain real estate within the jurisdiction of this court. In order to understand the controversy, it will probably be well to state the facts chronologically:

On November 29, 1915, the American Improvement, Company commenced an action against one Hammon. On October 19, 1916, judgment was entered in this suit in favor of the American Improvement Company and against Hammon. On November 8, 1916, a transcript from the docket of said judgment was recorded in Santa Barbara county, of this state, where the land in controversy lies. On September 6, 1917, Hammon sold this property to the plaintiff, and the deed was recorded on September 24, 1917. On September 27, 1917, a petition of involuntary bankruptcy was filed against Hammon. On August 31, 1918, a composition was confirmed by an order of the court in which said bankruptcy proceeding was instituted. The said Hammon was not adjudged a bankrupt. On September 19, 1918, the American Improvement Company caused execution to be issued to the sheriff of Santa Barbara county on its said judgment. On October 16, 1918, a certified copy of the order confirming the composition was recorded in Santa Barbara county. On October 23, 1918, Hammon made a motion to recall the execution on the ground that the composition had discharged him from his indebtedness and that the judgment lien, therefore, was satisfied. The superior court of San Francisco denied this motion to recall the execution and an appeal has been taken from that ruling of the court. On October 25, 1918, the sheriff sold said real estate in controversy under said execution to the American Improvement Company, the defendant herein and the plaintiff in the superior court action, for the sum of $6,735.92. The next day the sheriff's certificate was recorded in Santa Barbara county.

[1] Of course, the recording of this certificate would constitute a cloud upon the title and would authorize the plaintiff to institute a suit to quiet the title to the property as against such cloud. The defendant herein did not take any steps in said bankruptcy proceeding and declined to do so; but what bearing that may have upon the case is not apparent to the court.

[2, 3] The plaintiff claims that there having been no adjudication of bankruptcy, and the alleged bankrupt being discharged by a composition, the lien of the judgment was avoided, although obtained more than four months prior to the filing of the petition in bankruptcy. The plaintiff contends that there is no provision in the Bankruptcy Law by which a lien of a judgment obtained prior to four months shall be preserved to the judgment creditor as against a discharge by composition prior to the adjudication of bankruptcy. Section 12a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 549, as amended by Act June 29, 1910, c. 412, § 5, 36 Stat. 839 [Comp. St. § 9596]) provides:

"A bankrupt may offer, *either before or after adjudication*, terms of composition to his creditors," etc.

The phrase, "either before or after adjudication," was added to the act by amendment of 1910. But for this amendment this suit never would have been commenced.

Section 14c provides:

"The confirmation of a composition shall discharge the bankrupt from his debts, other than ＊ ＊ ＊ *those not affected by a discharge.*" Comp. St. § 9598.

This sentence was in the original act as here quoted. A solution of the proposition is determined by the meaning and application of the last phrase in section 14c; that is to say, what debts are *not affected by a discharge*? The word "discharge," in this phrase, refers to a discharge of the bankrupt after adjudication. It could not possibly refer to a discharge by composition before adjudication, for, as we have seen, at the time section 14c became a part of the Bankruptcy Act, there was no provision in the Bankruptcy Act for the discharge of a bankrupt prior to adjudication. The amendment of 1910 to section 12a, providing for a composition before adjudication, could not possibly have changed the meaning of the word "discharge" in the last phrase of section 14c.

It is well settled, and the plaintiff concedes, that a discharge of a bankrupt, after adjudication of bankruptcy, by a composition, does not discharge a judgment lien rendered more than four months prior to the filing of a petition in bankruptcy. In such a case the judgment lien is not affected. The judgment creditor holds the lien upon the property as against the bankrupt's creditors and the bankrupt. This necessarily answers the proposition of the plaintiff. Such a judgment is "not affected by a discharge."