In re LILIENTHAL.

Appeal and Petition of BOAS.

(Circuit Court of Appeals, Ninth Circuit. April 7, 1919.)

No. 3225.

1. BANKRUPTCY ⬩387—ATTACHMENT LIENS—EFFECT OF CONFIRMATION OF COMPOSITION.

In view of Bankruptcy Act July 1, 1898, §§ 67c, 67f, 70f (Comp. St. §§ 9651, 9654), confirmation of an offer of composition by bankrupt debtor prior to any adjudication in bankruptcy dissolved liens of attachment placed within four months of the commencement of bankruptcy proceedings, under section 14c (section 9598).

2. BANKRUPTCY ⬩391(3)—RESTRAINING PROCEEDINGS IN STATE COURTS.

The District Court in bankruptcy has jurisdiction to issue an order staying, until adjudication or until dismissal of the petition for adjudication of bankruptcy, proceedings in actions in state courts in which attachment had been placed upon the bankrupt's property within four months prior to commencement of bankruptcy proceedings.

Appeal from, and Petition for Revision of Proceedings in, District Court of the United States for the Southern Division of the Northern District of California; Maurice T. Dooling, Judge.

In the matter of E. R. Lilienthal, bankrupt. From an order of the District Court, denying a motion of Nat Boas to vacate an order staying further proceedings in certain suits in attachment which had been instituted by him in the state court in California, he appeals and petitions to revise. Affirmed.

Appellant petitioner asks reversal of an order of the District Court denying a motion to vacate an order staying further proceedings in certain suits in attachment which had been instituted by him in the state court in California. Appellant is a creditor of the bankrupt, E. R. Lilienthal, and sets forth:

That on September 27, 1917, a petition for adjudication in involuntary bankruptcy was filed against Lilienthal; that on October 13, 1917, petitioner filed his answer to the petition and denied the commission of any act of bankruptcy as alleged; that the issue raised by such petition and answer has never been brought to hearing or decision, and that no adjudication in bankruptcy has been had; that on December 26, 1917, the bankrupt filed a petition for composition with his creditors, and that after proceedings were regularly had thereon, and about June, 1918, the court made its order of confirmation of the offer presented, and that said order of confirmation has never been vacated; that petitioner has not accepted the offer, and has filed no proof of

claim; that petitioner holds certain security for his claim, in that on August 31, 1917, as plaintiff, he commenced two suits against Lilienthal, now bankrupt, and others, in the state courts, to recover judgments for the amounts due to him, and in each suit caused writs of attachment to issue and levies to be made upon all of the money and effects belonging to Lilienthal and levied upon certain realty; that neither of said actions has been tried; and that on October 24, 1917, the District Court ordered a stay of further proceedings in the actions in the state court "until an adjudication of Lilienthal as a bankrupt, or until the dismissal of the petition for adjudication of bankruptcy herein."

Milton Newmark, of San Francisco, Cal., for appellant and petitioner.

Lilienthal, McKinstry & Raymond, of San Francisco, Cal. (Thomas, Beedy & Lanagan and Charles W. Slack, all of San Francisco, Cal., of counsel), for appellee and respondent.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). Appellant contends that, having placed the attachments within four months of the commencement of bankruptcy proceedings, and no trial upon the issue of bankruptcy having been had, and no adjudication in bankruptcy having been made, the liens of attachment remain valid, and that therefore he is entitled to proceed in the state court to the enforcement thereof; while appellee takes the position that, under the Bankruptcy Act and the amendment, the court having confirmed an offer of composition by the bankrupt debtor, the liens of attachment were discharged.

A composition being one of the methods of procedure open to a bankrupt, he may tender certain sums to his creditors. The sums tendered are regarded as the equivalent of the assets which would be obtained by regularly proceeding according to the more usual bankruptcy methods. Creditors may accept or reject the offer. If they accept, the matter is submitted to the court, and after inquiry into the regularity of the proceedings and whether they are for the best interests of creditors, the effect of the proposed offer upon creditors who have not assented to the offer, and into the good faith of the offer and acceptance, the court may confirm the composition. If it so orders, the status becomes fixed by section 14c of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 550 (Comp. St. § 9598), which provides:

"The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

Prior to the amendment of 1910 (Act June 25, 1910, c. 412, 36 Stat. 838) it was held that a bankrupt before adjudication could not effect a composition with his creditors. But by the act of 1910 he—

"may offer, either before or after adjudication, terms of composition to his creditors. * * * In compositions before adjudication, the bankrupt shall file the required schedules, and thereupon the court shall call a meeting of creditors for the allowance of claims, examination of the bankrupt, and preservation or conduct of estates, at which meeting the judge or referee shall

preside, and action upon the petition for adjudication shall be delayed until it shall be determined whether such composition shall be confirmed." Remington on Bankruptcy, §§ 2354¼, 2354½.

Inasmuch as a confirmation before as well as after adjudication discharges the bankrupt from his debts, other than those not affected by a discharge, it is but reasonable to hold that all liens incident to the debts from which the bankrupt is discharged are also discharged. This view is strengthened by considering section 70f of the Bankruptcy Act (Comp. St. § 9654), which provides that—

"Upon the confirmation of a composition offered by a bankrupt, the title to his property shall thereupon revest in him."

It would not be consistent with the right to be reinvested with property that the amount of attachment liens should be considered and provided for in the orders of the court with respect to the composition. It is of common experience that often bankruptcy proceedings are brought because a creditor has sued and levied attachment in the state court. Under such conditions, where voluntary bankruptcy proceedings are begun, if it were the duty of the United States court sitting in bankruptcy, when it hears evidence upon an offer of composition, to deduct the amount of the liens in attachment from the gross value of the assets of the bankrupt, the order of confirmation would not operate to discharge the bankrupt from all debts other than those agreed to be paid by the terms of the composition and those not affected by the discharge. But that the effect of a composition is to restore the estate to the bankrupt free from all his debts provable and dischargeable in bankruptcy, and to distribute among his creditors the amount the bankrupt is required to pay, is well established by the decisions of the courts. Sturges v. Crowninshield, 4 Wheat. 122, 194, 4 L. Ed. 529; Harrison v. Sterry, 5 Cranch, 289, 301, 3 L. Ed. 104; Cumberland Glass Co. v. De Witt, 237 U. S. 447, 35 Sup. Ct. 636, 59 L. Ed. 1042; 7 Corpus Juris, p. 346. See, also, Brandenburg on Bankruptcy, § 1233; Black on Bankruptcy, § 660. In Miller v. MacKenzie et al., 13 Nat. B. R. 496, 43 Md. 404, 20 Am. Rep. 111, the Court of Appeals of Maryland held that the operation of an assignment in bankruptcy in reference to an attachment was to arrest all proceedings under it—to dissolve it. In Smith Stebbins & Co. v. B. Engle et al., 4 N. B. R. 481, 44 Iowa, 265, a case very close to the one under consideration, the Supreme Court of Iowa held that the debt of the attaching creditors was extinguished by the composition under the Bankruptcy Act, and that the attachment "of course falls to the ground." Corner v. Mallory, 31 Md. 468.

[1, 2] It being indisputable that under section 67, subdivisions (c) and (f), of the act (Comp. St. § 9651), where there has been adjudication in bankruptcy, a lien of attachment falls, we cannot see that a different result should follow where there may not have been such an adjudication. The statute which gives the right to offer composition has no words which abridge the effect of an order upon statutory attachment liens against the property of the debtor, although he may not have been adjudged a bankrupt, and it is our opinion that, the indebtedness having been discharged by the composition, the attachment liens were dissolved, and that the District Court in bankruptcy has jurisdic-

tion to issue the order made. Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Virginia Iron Co. v. Olcott, 197 Fed. 730, 117 C. C. A. 124.

Affirmed.