[Civ. No. 2929.   First Appellate District, Division One.—August 30, 1919.]

AMERICAN IMPROVEMENT CO. (a Corporation), Respondent, v. E. R. LILIENTHAL et al., Defendants; W. P. HAMMON, Appellant.

[1] BANKRUPTCY—COMPOSITION—NATURE OF.—A composition is a proceeding under which a bankrupt may settle with his creditors, if the majority so agree, by the payment of a lump sum to be distributed ratably among the general creditors, and such sum as may be necessary to pay priority claims and costs of the proceedings. The proposed composition is presented to the court, and, after notice and hearing, if approved by the court, an order is made confirming the same.

[2] ID.—EFFECT OF CONFIRMATION.—Confirmation of a proposed composition is in effect a discharge. Its effect is to supersede the bankruptcy proceedings, and reinvest the bankrupt with all his property free from the claims of his creditors.

[3] ID.—REINVESTMENT OF BANKRUPT WITH PROPERTY.—While the bankrupt is reinvested with all his property by the composition, its effect in that regard is no more than to place it back in his hands as it was before the insolvency proceedings were instituted.

[4] ID.—RELATIVE EFFECT OF DISCHARGE AND COMPOSITION.—The composition has no more effect than a discharge would under the same circumstances. Both a discharge and a composition releases the bankrupt from all his provable debts, except those specified in section 17 of the Bankruptcy Act. A discharge, however, is not a payment or an extinguishment of the debts; it is simply a bar to all future legal proceedings for the enforcement of the debts or obligations discharged, except such as are by way of enforcement of a lien therefor, not itself invalid. The discharge has merely destroyed the remedy, not the indebtedness.

[5] ID.—VALID LIENS NOT DISCHARGED.—A valid lien, created on the property of the bankrupt more than four months before the filing

---

5. Effect of discharge in bankruptcy upon real property liens, note, 42 L. R. A. (N. S.) 292.

of the petition in bankruptcy, is not affected by his discharge. The discharge does not operate to cast off good and valid liens, given or acquired for the debt, nor to prevent their enforcement. It is purely personal to the bankrupt.

[6] ID.—JUDGMENT LIEN—EFFECT OF COMPOSITION.—A judgment lien, obtained by filing a transcript of the judgment in the county recorder's office of the county in which the bankrupt owns property not exempt from execution, is not destroyed by involuntary bankruptcy proceedings commenced more than four months after such filing, when a composition between the bankrupt and his creditors is reached and confirmed by the court, although such composition releases the bankrupt from further personal liability to pay the judgment obtained against him.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying motions to stay and recall executions on a judgment and to discharge the judgment of record. James M. Troutt, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Charles W. Slack for Appellant.

William P. Hubbard for Respondent.

WASTE, P. J.—This is an appeal by W. P. Hammon, one of the defendants in an action commenced in the superior court of the city and county of San Francisco by the American Improvement Company against E. R. Lilienthal and others, from a special order, made after final judgment in the action, denying the motions of the defendant Hammon to stay and recall executions on the judgment and to discharge the judgment of record.

Judgment for the sum of $5,813.72 was recovered on October 19, 1916, against the defendants as guarantors of the payment of a promissory note executed by Northern Electric Railway Company and delivered to the plaintiff. Judgment was docketed on October 20, 1916, and a certified copy of the transcript of the docket was filed in the office of the county recorder of the county of Santa Barbara on November 8, 1916, at which latter date the defendant Hammon was the owner of certain real property, not exempt from execution, situated in that county. On the same date a tran-

script of the judgment was filed in the office of the county recorder of Placer County. The judgment is final, no part of it has been paid, and it has never been satisfied, unless by the composition in the bankruptcy proceedings, hereinafter referred to.

An involuntary petition in bankruptcy was filed against the defendant Hammon on September 27, 1917, in the district court of the United States for the northern district of California, southern division. Thereafter, Hammon filed in the bankruptcy proceedings an offer to pay the sum of two hundred and fifty thousand dollars in satisfaction of his liabilities. On August 31, 1918, the district court made an order confirming the composition, the offer having been accepted by a majority, in number and amount, of the creditors. No order of adjudication of bankruptcy has ever been made in the proceedings. The plaintiff was included in the schedule filed by Hammon, in the bankruptcy proceedings, as one of the secured creditors. It has had full knowledge and notice of the proceedings, and of the composition, and the proceedings in relation thereto. It never filed any claim in the bankruptcy proceedings nor participated therein in any respect whatsoever. It received no money upon its judgment, under the composition or otherwise, and took no part in the composition.

An execution on the judgment was issued on September 19, 1918, directed to the sheriff of the county of Santa Barbara, and under it certain real property was advertised for sale. The property had been conveyed by Hammon to the Oilfields Syndicate on September 6, 1917, less than one month prior to the filing of the petition in bankruptcy, and ten months after plaintiff's judgment lien attached. It was not included in the list of assets of the defendant scheduled therein. Executions on the judgment, directed to the sheriffs of Placer, Monterey, Fresno, and Alameda Counties, and of the city and county of San Francisco, were also issued on September 19, 1918, but no levies appear to have been made thereunder.

Motions were made by the defendant Hammon, previous to the time appointed for the sale of the real property, to stay and recall the executions and to discharge the judgment of record on the ground that the judgment had been satisfied and discharged by the composition effected by Hammon with his

creditors in the bankruptcy proceedings, and the lien of the judgment extinguished thereby. The motions were denied and from the order denying the motions this appeal is taken.

One proposition is presented for consideration on this appeal: Is a judgment lien, obtained by filing a transcript of the judgment in the county recorder's office of the county in which the bankrupt owns property not exempt from execution, destroyed by involuntary bankruptcy proceedings commenced more than four months after such filing, when a composition between the bankrupt and his creditors was reached and confirmed by the court?

Concisely stated, it is the contention of appellant that the effect of the order of confirmation, made in the bankruptcy proceedings, was to discharge the bankrupt, Hammon, from his indebtedness to the plaintiff, and to revest in the bankrupt the title to his property; that the order of confirmation, being in effect a discharge, the bankrupt was released thereby from liability on the judgment, the lien of which was avoided, although obtained more than four months prior to the filing of the petition in bankruptcy.

[1] A composition is a proceeding under which a bankrupt may settle with his creditors, if the majority so agree, by the payment of a lump sum to be distributed ratably among the general creditors, and such sum as may be necessary to pay priority claims and costs of the proceedings. The proposed composition is presented to the court, and, after notice and hearing, if approved by the court, an order is made confirming the same.

[2] Confirmation is in effect a discharge. (2 Remington on Bankruptcy, sec. 2349; *Cumberland Glass Mfg. Co.* v. *De Witt*, 237 U. S. 447, [59 L. Ed. 1042, 35 Sup. Ct. Rep. 636, 34 Am. Bankr. Rep. 723, see, also, Rose's U. S. Notes]; *United States ex rel. Adler* v. *Hammond*, 104 Fed. 862, [44 C. C. A. 229, 4 Am. Bankr. Rep. 736]; *In re Friend*, 134 Fed. 778, [67 C. C. A. 500, 13 Am. Bankr. Rep. 597].) Its effect is to supersede the bankruptcy proceedings, and reinvest the bankrupt with all his property free from the claims of his creditors. (*In re Rider*, 96 Fed. 808, [3 Am. Bankr. Rep. 179]; sec. 70f, Bankrupt Act.)

Section 14c of the Bankrupt Act provides: "The confirmation of a composition shall discharge the bankrupt from his

debts, other than those agreed to be paid by the terms of the composition, and those not affected by a discharge."

[3] While the bankrupt is reinvested with all his property by the composition, its effect in that regard is no more than to place it back in his hands as it was before the insolvency proceedings were instituted. Strictly speaking, no adjudication of bankruptcy having been made, defendant was never divested of his property. (*Houston* v. *Shear* (Tex. Civ. App.), 210 S. W. 976, [43 Am. Bankr. Rep. 462, 469].) [4] The composition has no more effect than a discharge would have under the same circumstances. Both a discharge and a composition releases the bankrupt from all his provable debts, except those specified in section 17 of the act. A discharge, however, is not a payment or an extinguishment of the debts; it is simply a bar to all future legal proceedings for the enforcement of the debts or obligations discharged, except such as are by way of enforcement of a lien therefor, not itself invalid. The discharge has merely destroyed the remedy, but not the indebtedness. (*Zavelo* v. *Reeves*, 227 U. S. 629, [Ann. Cas. 1914D, 664, 57 L. Ed. 676, 33 Sup. Ct. Rep. 365, see, also, Rose's U. S. Notes]; 2 Remington on Bankruptcy, secs. 2668, 2672.) [5] A valid lien created on the property of the bankrupt more than four months before the filing of the petition in bankruptcy is not affected by his discharge. (*Evans* v. *Rounsaville*, 115 Ga. 684, [42 S. E. 100, 8 Am. Bankr. Rep. 236].) The discharge does not operate to cast off good and valid liens, given or acquired for the debt, either a lien by contract or by legal proceedings, nor to prevent their enforcement. It is purely personal to the bankrupt. (*Evans* v. *Staalle*, 88 Minn. 253, [92 N. W. 951, 11 Am. Bankr. Rep. 184]; *Powers Dry Goods Co.* v. *Nelson*, 10 N. D. 580, [58 L. R. A. 770, 88 N. W. 703, 7 Am. Bankr. Rep. 510]; *Paxton* v. *Scott*, 66 Neb. 385, [92 N. W. 611, 10 Am. Bankr. Rep. 80].) [6] Undoubtedly, the composition released Hammon from further personal liability to pay the judgment obtained against him in the action, but it did not affect the security afforded by his lien. (*Bassett* v. *Thakara*, 72 N. J. L. 81, [60 Atl. 39, 16 Am. Bankr. Rep. 786].)

Appellant contends that the judgment against him was satisfied by the composition; that as the Bankruptcy Act makes no provision concerning the existence of the lien of the

judgment, after the judgment itself has been discharged by composition, the lien was itself released and discharged thereby and ceased to exist. The cases already cited by us refute that contention. A discharge is not a payment or extinguishment of the debt. Only the remedy, not the indebtedness, has been destroyed—the debt can no longer be enforced as a personal obligation. (*Zavelo* v. *Reeves, supra.*) Section 67c of the Bankruptcy Act provides the condition under which a lien, created by or obtained in any suit or proceeding in law or equity begun against a person within four months before the filing of a petition in bankruptcy, by or against such person, shall be dissolved by the adjudication of such person to be a bankrupt. Section 67f of the act provides that "all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as part of the bankrupt, unless the court" shall otherwise order. It will be noted that these provisions apply only to liens obtained within four months prior to the filing of the petition in bankruptcy, and only then, in the event that an adjudication in bankruptcy shall result. Nothing in the act to which our attention has been called makes any such provision as to judgments or liens obtained more than four months prior to the filing of the petition. To the contrary, the courts have held that, as to such lien another rule is applicable.

Referring to section 67f, the United States supreme court has said: "In our opinion the conclusion to be drawn from this language is that it is the lien created by a levy, or a judgment, or an attachment, or otherwise, that is invalidated, and that where the lien is obtained more than four months prior to filing the petition, it is not only not to be deemed to be null and void, on adjudication, but its validity is recognized. When it is obtained within four months the property is discharged therefrom, but not otherwise. A judgment or decree in enforcement of an otherwise valid pre-existing lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens. If

this were not so the date of the acquisition of a lien by attachment, or creditor's bill, would be entirely immaterial.'' (*Metcalf* v. *Barker*, 187 U. S. 165, 174, [47 L. Ed. 122, 23 Sup. Ct. Rep. 67, 71, see, also, Rose's U. S. Notes] ; see, also, *In re Snell*, 125 Fed. 154; *In re English*, 122 Fed. 113; *Oilfields Syndicate* v. *American Improvement Co.*, 256 Fed. 979, in the district court of the United States for the southern district of California, February 27, 1919.)

It would seem, therefore, that the lien of plaintiff, having been obtained more than four months prior to the petition in bankruptcy filed against defendant, if otherwise valid, was not affected by the composition reached by defendant and his creditors in the bankruptcy proceedings.

That the lien attached by filing the transcript of judgment in Santa Barbara County is not open to dispute. It continued for two years from and after the date of filing (Code Civ. Proc., sec. 674), and had been in force for over eleven months when the petition in bankruptcy was filed.

Appellant and respondent have devoted much time to a consideration of the question whether or not plaintiff was a secured creditor of defendant. Whether plaintiff is or is not a secured creditor would not, in our opinion, alter the relation of the parties toward each other in connection with plaintiff's right, under the present facts, to proceed to realize on its lien, which was preserved to it by the composition. No authorities have been cited to us holding that if it were a secured creditor it would be compelled, upon composition, to surrender its security to defendant. Such would be the practical result if plaintiff were not now allowed to enforce its lien. We are not here dealing with the right of a secured creditor to stand upon his right to a certain portion of the assets of the estate by virtue of some security upon property of the bankrupt, but with the right of a judgment lienor to enforce his lien, acquired by legal process, after he has been cut off from all further legal proceedings for the collection of his debt.

When counsel for the appellant admits in his brief that ''there is also no doubt that if a lien is acquired in legal proceedings without the four months' period, the lien is not discharged by an adjudication of, and a discharge of the lien debtor in bankruptcy, there being no composition,'' he con-

cedes the respondent's case.  As we have before pointed out, the effect of a composition and a discharge is the same.

No liens were acquired by plaintiff in the counties of Fresno, Monterey, or Alameda, or in the city and county of San Francisco, the transcript of the judgment not having been recorded in either.  The cause is remanded to the lower court with instructions to recall and quash the execution issued to the sheriffs of Fresno, Monterey, and Alameda Counties and to the sheriff of the city and county of San Francisco.  Otherwise the order of the lower court refusing to recall and quash the execution is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 28, 1919.

All the Justices concurred.