## JOBBERS DISTRIBUTING CO. v. GOLDSTEIN. (No. 6801.)

(Court of Civil Appeals of Texas. Austin. Oct. 29, 1924.)

**Bankruptcy** ⚌431, 433(2)—Matters to be pleaded and proved to relieve property of lien of garnishment, created before bankruptcy, and bankrupt's sureties of liability on replevin bond.

Notwithstanding discharge in bankruptcy, for bankrupt to relieve his property, under Bankruptcy Act, § 67c (U. S. Comp. St. § 9651), of a lien created by garnishment before bankruptcy, or to relieve sureties on his replevin bond in such garnishment proceeding from liability on the bond, he must plead and prove that the lien was created within four months of the adjudication of bankruptcy, and that he was insolvent when it was created.

Appeal from Tarrant County Court, at Law; P. W. Seward, Judge.

Action by the Jobbers Distributing Company against W. Goldstein. From adverse judgment, plaintiff appeals. Reversed and remanded.

Massingill & Belew, of Fort Worth, for appellant.

Louis J. Moore, of Fort Worth, for appellee.

BLAIR, J. This appeal arose in the following manner: On October 20, 1920, appellant sued appellee to recover $231.39, upon a verified account. Appellee answered by a demurrer and a denial. On November 4, 1920, appellant caused a writ of garnishment to issue to the Texas State Bank of Fort Worth, Tex., a corporation, out of this case, which was served on the same day, and impounded more than enough money belonging to appellee in said bank to pay the claim in suit. On November 5, 1920, appellee executed his replevin bond, with Sam Lipschitz and H. Brockstein as sureties, for $550, conditioned as required by law in such matters, and it was duly filed and approved November 5, 1920. On February 16, 1921, appellee was adjudged a bankrupt by the District Court of the United States, Northern District of Texas, and thereafter discharged in bankruptcy on June 30, 1921. On October 19, 1922, appellee filed in this cause his amended answer and motion to dismiss the suit, pleading as reason therefor this discharge in bankruptcy, and that the claim in suit was duly and regularly scheduled in the bankruptcy proceedings. By a supplemental petition appellant demurred generally and specially excepted to appellee's plea of discharge in bankruptcy, because it did not allege that he was insolvent at the time of filing of this suit, or at the time of the service of the writ of garnishment on garnishee bank, and further pleaded that, if appellee had been discharged in bankruptcy as alleged, appellant was entitled to a formal judgment against him, with a perpetual stay of execution, in order that it might proceed against the sureties on the replevin bond in the garnishment proceedings for its debt.

The case was tried to the court without a jury, and after appellee admitted in open court that he was indebted to appellant in the sum of $191.35 upon the claim in suit, the court overruled appellant's exceptions to the plea of discharge in bankruptcy because it did not allege the insolvency of appellee at the date of this suit, or at the date of

the service of the writ of garnishment, and sustained the plea of discharge of the debt in bankruptcy, and so rendered its judgment, from which this appeal is duly perfected. The above statement of the case also states the facts proved.

We have concluded that the trial court erred in refusing to sustain appellant's demurrer and special exceptions to appellee's plea of discharge in bankruptcy, because it failed to allege his insolvency at the time the lien was created upon his property by the garnishment proceedings. In order for a bankrupt to relieve his property of a lien created by a garnishment proceeding before bankruptcy, or to relieve his sureties on this replevin bond in such garnishment proceeding from liability on the bond, he must both allege and prove that the lien was created within four months from the time he was adjudicated a bankrupt, and that he was insolvent at the time the lien was so created. Appellee's pleadings in no manner alleged his insolvency at the time the writ of garnishment was served; neither was there any proof upon this issue.

Section 67c of the Bankruptcy Act reads, in part:

"A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of such person to be a bankrupt if (1) it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference, or (2) the party or parties to be benefited thereby had reasonable cause to believe the defendant was insolvent and in contemplation of bankruptcy," etc. U. S. Comp. St. § 9651.

Section 67f of the same act reads, in part:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same," etc.

It is well settled that liens fixed by attachment and garnishment proceedings come within the purview of the above-quoted Bankruptcy Act. In re Ransford, 194 F. 659, 115 C. C. A. 560; Bethel v. Judge of Superior Court, 57 Mich. 379, 24 N. W. 112.

The Texas and other courts have uniformly held that, in order to render the lien upon bankrupt's property null and void, under sections 67c and 67f, supra, although it is created within four months prior to the adjudication in bankruptcy, it must appear that the bankrupt was insolvent at the time the lien was obtained, and that the burden is on the bankrupt to plead and prove that the claim sought to be discharged by the plea in bankruptcy was released, and not within any of the classes which the Bankruptcy Act, supra, excepts from the operation of the discharge. Corpus Juris, vol. 7, § 733, p. 414; Danby - Millmery Co. v. Dogan, 47 Tex. Civ. App. 323, 105 S W. 337; Pinkard v. Willis, 24 Tex. Civ. App. 69, 57 S. W. 891; Tex. Fidelity & Bonding Co. v Bank (Tex. Civ. App.) 149 S. W. 779; Stone-Ordean-Wells Co. v. Mark, 227 F. 975, 142 C. C. A. 433; Martin v Oliver, 260 F. 89, 171 C. C. A. 125; Hill v. Harding, 130 U. S. 699, 9 S. Ct. 725, 32 L. Ed. 1083; Leon v. Radford Grocery Co. (Tex. Civ. App.) 259 S. W. 318.

This court held in Leon v. Radford Grocery Co., supra, a case where it was shown that the debt in suit had been discharged in bankruptcy, that such discharge was ineffectual to extinguish the lien obtained in garnishment proceedings, and therefore to relieve the sureties on bankrupt's replevin bond from liability thereon; such lien not having been shown to come within the exceptions of the above Bankruptcy Act; that the court should render judgment against the bankrupt with perpetual stay of execution as a basis for a judgment against such sureties on the replevin bond.

For the reasons stated in the opinion, this cause is reversed and remanded for a trial upon the issue of the solvency of the bankrupt at the time the writ was served.

Reversed and remanded.