J. T. SINCLAIR CO. *v.* I. T. BECKER COAL CO.

1. BANKRUPTCY—CONFIRMATION OF COMPOSITION.
    Composition, upon confirmation by court, superseded bankruptcy proceeding, and revested title to property in bankrupt.

2. SAME—DISCHARGE IN BANKRUPTCY.
    Confirmation by court of proposed composition is in effect discharge in bankruptcy.

3. SAME—EFFECT OF CONFIRMATION OF COMPOSITION.
   After confirmation by court of proposed composition, no general judgment *in personam* may be rendered against bankrupt on claim included in composition.

4. SAME—VALID LIENS NOT AFFECTED BY CONFIRMATION OF COMPOSITION.
   Valid liens are not affected by confirmation by court of proposed composition, although subsequent remedy is confined to lien, and if judgment is essential to realize on lien, it may be entered but not enforced beyond acquired lien.

5. SAME—INSOLVENCY—BURDEN OF PROOF.
   Valid liens may not be acquired within four months of filing petition in bankruptcy if bankrupt was insolvent, and bankrupt seeking discharge of lien has burden to establish insolvency at time lien attached.

6. GARNISHMENT—EQUITABLE ATTACHMENT.
   Process of garnishment is in nature of equitable attachment of debt or assets of principal defendant in hands of third person.

7. SAME—WHEN LIEN ACQUIRED.
   Garnishment proceeding is substantially *in rem* and impounds indebtedness; upon service of writ specific lien being acquired on debt.

8. BANKRUPTCY—GARNISHMENT LIEN—DISCHARGE OF DEBT.
   Confirmation by court of proposed composition without adjudication in bankruptcy discharged debt and invalidated garnishment lien acquired within four months of filing of petition in bankruptcy and at time bankrupt was insolvent (11 USCA, § 32).

Appeal from Wayne; Root (Jesse H.), J., presiding. Submitted April 6, 1933. (Docket No. 44, Calendar No. 36,965.) Decided June 5, 1933.

Garnishment proceedings by J. T. Sinclair Company, a Michigan corporation, against I. T. Becker Coal Company, a Michigan corporation, principal defendant, and American State Bank and Peoples

Wayne County Bank, garnishee defendants. Judgment for principal defendant. Plaintiff appeals. Affirmed.

*Donald A. Wallace,* for plaintiff.

*Welsh, Bebout, Hill & Lee,* for principal defendant.

WIEST, J. March 16, 1931, this action in assumpsit was brought in the Wayne circuit and writ of garnishment issued the same day. March 31, 1931, the garnishee defendant filed disclosure of indebtedness to the principal defendant. March 31, 1931, an involuntary petition in bankruptcy was filed against the principal defendant in the United States district court for the eastern district of Michigan, together with schedules of indebtedness, including the debt due plaintiff. An offer of composition was made by the bankrupt, accepted by a majority in number and amount of the creditors, and an order of confirmation and of distribution was made by the Federal court. Plaintiff had notice of the offer of composition. A composition dividend was declared upon the claims as scheduled and the money deposited in the registry of the court. Plaintiff refused to accept the dividend. There was no adjudication in bankruptcy, but a composition without an adjudication.

In the case at bar the circuit judge held that, at the time this suit was brought, defendant was insolvent and the plaintiff could not maintain this suit or reach funds by garnishment because the suit was brought and the writ of garnishment issued within four months of the bankruptcy proceeding and at a time the principal defendant was insolvent.

Composition upon confirmation by the court superseded the bankruptcy proceeding (*In re Moyer's Home Store*, 26 Fed. [2d] 146, affirmed [C. C. A.], 27 Fed. [2d] 850), and revested title to the property in the bankrupt. *In re Converse-Hough & Co.*, 27 Fed. (2d) 368. Confirmation of a proposed composition is in effect a discharge. *American Improvement Co.* v. *Lilienthal*, 43 Cal. App. 80 (184 Pac. 692), and authorities there cited.

"The discharge does not operate to cast off good and valid liens, given or acquired for the debt, either a lien by contract or by legal proceedings, nor to prevent their enforcement." *American Improvement Co.* v. *Lilienthal, supra.*

After confirmation of a proposed composition, no general judgment *in personam* can be rendered against the bankrupt on a claim included in the composition. Valid liens, however, are not discharged or affected, although subsequent remedy is confined to the lien, and if a judgment is essential to realize on the lien it may be entered but not enforced beyond the acquired lien.

Valid liens cannot be acquired within four months of filing a petition in bankruptcy if the bankrupt was insolvent. If the bankrupt seeks discharge of the lien the burden is on him to establish insolvency at the time the lien attached. *Jobbers Distributing Co.* v. *Goldstein* (Tex. Civ. App.)', 265 S. W. 1085 (garnishment case).

"The process of garnishment is in the nature of an equitable attachment of the debt or assets of the principal defendant in the hands of a third person." *Bethel* v. *Judge of Superior Court*, 57 Mich. 379.

Upon service of the writ of garnishment, a specific lien is acquired upon the debt. *Citizens' Bank of*

*Rudyard* v. *Chippewa Circuit Judge,* 186 Mich. 494. The proceeding is substantially *in rem* and impounds indebtedness. *Katt* v. *Swartz,* 199 Mich. 51. See, also, *Borderland Coal Sales Co.* v. *Wayne Circuit Judge,* 228 Mich. 198.

Counsel for plaintiff contends that:

''A composition in bankruptcy without an adjudication does not discharge the lien of the garnishment.''

The question was squarely presented in *Re Lilienthal,* 168 C. C. A. 165 (256 Fed. 819), and it was held, quoting syllabus:

''In view of bankruptcy act July 1, 1898, §§ 67c, 67f, 70f (Comp. St. §§ 9651, 9654 [11 USCA, §§ 107, 110]), confirmation of an offer of composition by bankrupt debtor prior to any adjudication in bankruptcy dissolved liens of attachment placed within four months of the commencement of bankruptcy proceedings, under section 14c (section 9598 [11 USCA, § 32]).''

Confirmation by the Federal court of the composition discharged the debt, and the adjudication in the Wayne circuit that the bankrupt was insolvent at the time the writ of garnishment issued, and supported by evidence, invalidated the lien and plaintiff cannot recover.

Judgment is affirmed, with costs to defendant.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.