In re RUBINS.

INTERNATIONAL SHOE CO. v. RUBINS
et al.

No. 5273.

Circuit Court of Appeals, Seventh Circuit.
Dec. 11, 1934.

Rehearing Denied Jan. 28, 1935.

Louis Goldman, F. V. Healy, and Robert G. Dreffein, all of Chicago, Ill., for appellant.

Max Ward, Al Martin Curtis, and William J. Polin, all of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellee Rubins owned a department store in La Grange, Ill. On May 20, 1932, appellant recovered a judgment against him in the municipal court of Chicago. Execution issued upon said judgment October 31, 1932, and thereby appellant, under the laws of Illinois, acquired a lien upon such merchandise.

On November 28, 1932, petitioning creditors filed an involuntary petition against Rubins, and the next day the court entered an order restraining the sheriff from proceeding upon the execution. On December 23, 1932, there having been no order of adjudication, the alleged bankrupt offered to his creditors a composition, which was confirmed on January 30, 1933. Rubins was never adjudicated a bankrupt, and appellant never participated in the bankruptcy proceeding or accepted the composition.

On March 4, 1933, the appellant filed its petition praying that the restraining order be vacated and that it be permitted to enforce its execution. The bankrupt and petitioning creditors filed their answers to the petition. The special master to whom the matter was referred filed a report, stating the facts sub-

stantially as aforesaid, finding that the bankrupt was insolvent on the day the execution became a lien, that the judgment was therefore void under the terms of the Bankruptcy Act, and that appellant's petition should be denied. The master held that the confirmation of the composition had the same effect as complete administration in bankruptcy and avoided liens for a past-due consideration obtained within four months, at a time when the bankrupt was insolvent. The District Court approved the master's report and ordered appellant's petition dismissed and the restraining order maintained in full force and effect. This appeal followed.

The facts hereinbefore related are undisputed except as to finding of insolvency at the time the execution was issued. The testimony of the witnesses produced by the bankrupt prima facie showed conclusively insolvency at the time mentioned. In contravention thereof, appellant introduced a letter written by one of the attorneys for the bankrupt on November 21, 1932, which purported to show solvency. However, the witness testified that the information conveyed in the letter had been obtained from creditors. The evidence, therefore, was hearsay. In this situation, the prima facie case of insolvency not having been overcome, the finding of the special master in the District Court in respect to solvency must stand. The findings of a trial judge or a special master who has had the witnesses before him will not be disturbed where there is substantial evidence to sustain the findings. Kline v. H. Poleskin & Son et al., 46 F.(2d) 998 (C. C. A. 4); Wingert v. President, etc., of Hagerstown Bank (C. C. A.) 41 F.(2d) 660.

The question submitted to this court is as to the effect of the confirmation of the composition upon a judgment lien for past-due indebtedness obtained within four months prior to the filing of the petition, at a time when bankrupt was insolvent. Appellant contends that it is the purpose and intent of the Bankruptcy Act that only a trustee in bankruptcy can avoid judgments, and that, there having been no trustee, the confirmation of an offer of composition revests in the bankrupt his property subject to the conditions that would have existed in the absence of bankruptcy. Appellees contend, on the other hand, that the effect of a composition duly confirmed is equivalent to complete administration in bankruptcy; achieves the same result as such administration; and dissolves the lien of an execution obtained within four months prior to the commencement of bankruptcy proceedings.

It was the purpose and intent of the Bankruptcy Act to achieve equitable distribution amongst creditors. Congress, therefore, provided means whereby preferences could be avoided, and in carrying out such purpose provided that one who obtained a judgment for a past consideration within four months prior to the filing of petition in bankruptcy should not be permitted to enforce priority under such a lien against other creditors. See section 67f of the Bankruptcy Act (11 USCA § 107 (f). A further intent was to provide that the bankrupt, when his property had been equitably distributed, be discharged from all his indebtedness. In the absence of bankruptcy, the diligent creditor is entitled to such priority as he obtains in the regular course of procedure at law or equity, but, when bankruptcy intervenes, the declared intent of Congress to bring about equitable distribution and prevention of preference supersedes the general law governing creditors' rights. This equitable division is desirable, not for the benefit of trustees, but for the benefit of creditors. It follows that it cannot be said that Congress intended that the trustee alone could avoid a judgment unless the act has by its terms so limited the remedy provided.

Section 14c of the Bankruptcy Act (11 USCA § 32 (c) provides that the confirmation of a composition shall discharge the bankrupt from his debts other than those agreed to be paid by the terms of the composition and those not affected by the discharge. The bankrupt is entitled under section 12 of the act (11 USCA § 30) to offer composition before or after adjudication, and the court, upon confirmation of the composition, distributes the proceeds equally amongst the creditors and dismisses the case.

It is the court's duty, before confirming a composition, to see that sufficient funds are deposited to cover the terms of the composition and to pay in full all valid claims entitled to priority. See In re Moyer's Home Store (D. C.) 26 F.(2d) 146. Appellant had notice of the composition. If it were entitled to priority, it had a right, and in fairness its duty was, to apply to the bankruptcy court which had jurisdiction of the parties and the subject-matter for an order fixing its debt as a prior debt and requiring the bankrupt to deposit sufficient funds to satisfy such debt in full. It saw fit not to intervene; not to insist that the court in perfecting the composition should protect its claim as a prior

claim, but remained aloof until the composition had been confirmed. Independent of other questions, these facts placed the appellant in a position where it has had full opportunity for its day in court and failed to insist upon its alleged rights.

■ Further, however, the apparent purpose and intent of the Bankruptcy Act as aforesaid seems wholly determinative of the question upon the merits. A composition confirmed discharges the bankrupt, dismisses the proceedings, and liquidates the assets of the bankrupt. It pays the bankrupt's debts and returns to him his property. A confirmation of the composition is, as has been said by the courts, equivalent to a conveyance by a trustee in bankruptcy. In other words, the effect of a composition duly confirmed is the same as that of an adjudication, a distribution of assets by a trustee, and a discharge of the bankrupt. Such intent upon the part of Congress is clear from careful consideration of the act and its various sections. Congress intended dissolution of voidable judgments for the benefit of creditors as aforesaid, as well as the release of the bankrupt from his indebtedness, and no good reason exists as to why the judgment, therefore, should not be dissolved.

In Collier on Bankruptcy (13th Ed.) 1923, vol. 2, p. 1592, the following language is used: "An attachment lien is within the terms of subsection (c) as well as subsection (f), and is dissolved by the filing of a petition in bankruptcy by or against the debtor, within four months after its date, if the debtor is adjudged a bankrupt, or by the confirmation of an offer of composition made by the bankrupt prior to any adjudication, although the case in which the attachment was issued was begun long before."

This precise question has been presented to the Court of Appeals for the Ninth Circuit in the case of In re Lilienthal, 256 F. 819, 821. The court said: "It being indisputable that under section 67, subdivisions (c) and (f), of the act (Comp. St. § 9651 [11 USCA § 107, subds. c, f]), where there has been adjudication in bankruptcy, a lien of attachment falls, we cannot see that a different result should follow where there may not have been such an adjudication. The statute which gives the right to offer composition has no words which abridge the effect of an order upon statutory attachment liens against the property of the debtor, although he may not have been adjudged a bankrupt, and it is our opinion that, the indebtedness having been discharged by the composition, the attachment liens were dissolved, and that the District Court in bankruptcy has jurisdiction to issue the order made."

Under the provisions of the Bankruptcy Act of 1867 (14 Stat. 517), as amended in 1874 (18 Stat. 178), acceptance by the creditors of the proposal for composition avoided the necessity of a conveyance of the bankrupt's property to an assignee. In the case of Smith-Stebbins & Co. v. B. Engle et al., 44 Iowa, 265, a composition having been confirmed, a judgment creditor claimed that the lien of attachment obtained within the prohibited period was not dissolved. The court, quoting from Miller v. Mackenzie, 43 Md. 404, 20 Am. Rep. 111, 13 B. R. 496, decided by the Court of Appeals of Maryland, said: "There is not in this case, any assignee to represent the debtor in the attachment suit, or to claim the property attached, or its proceeds by virtue of the assignment. But the same reason which compels the State Courts to recognize the authority of the Courts in Bankruptcy, in cases of assignment, that is, the exclusive jurisdiction of those Courts in matters of bankruptcy—must compel the State tribunals to respect the composition of creditors, adopted under the sanction of the Courts of Bankruptcy, in conformity with the provisions of the Bankrupt Law. The debt of the attaching creditor is extinguished by the composition, and the attachment of course falls to the ground." See, also, Corner v. Mallory, 31 Md. 468, and Sinclair Co. v. I. T. Becker Coal Co., 263 Mich. 617, 249 N. W. 13.

With these announcements the court finds itself in full accord. The composition, upon confirmation, supersedes bankruptcy proceedings, revests title in bankrupt, and has the effect of full administration in bankruptcy. Valid liens executed for a present consideration, of course, are not affected by either full administration or by confirmation of composition. But it is the intent of Congress that liens obtained within four months for past-due indebtedness shall be void, whether the administration is one of complete liquidation or terminated by composition.

Accordingly, the judgment of the court below will be affirmed at the cost of appellant.